FILED & ENTERED

SEP 13 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY cargill    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Douglas Jay Roger<br><br>Debtors | Case No.: 6:13-bk-27611-MH<br><br>Chapter: 7<br><br>Adv. No.: 6:16-ap-01163-MH<br><br>**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT CONDITIONED ON THE PAYMENT OF $4,593.75 TO PLAINTIFF** |
| Revere Financial Corporation (Liquidating Trustee),<br><br>Plaintiff<br><br>v.<br><br>Don Cameron Burns<br><br>Defendants | |

1

# I.    PROCEDURAL BACKGROUND

On October 25, 2013, Douglas Roger ("Debtor") filed a Chapter 7 voluntary petition. On June 23, 2016, Revere Financial Corporation ("Plaintiff") filed a complaint against Don Burns ("Defendant") for: (1) intentional fraudulent transfers – receiver order; (2) intentional fraudulent transfer – statutory; (3) constructive fraudulent transfers; (4) unauthorized post-petition transfers; (5) preferential transfers; (6) defective lien; (7) turnover of property; (8) declaratory relief; (9) unjust enrichment; and (10) money had and received.

On June 30, 2016, Plaintiff filed an amended complaint. On November 16, 2016, default was entered against Defendant. On April 21, 2017, Plaintiff filed a motion for default judgment. On May 4, 2017, Defendant filed a motion to set aside default judgment and an answer. On May 24, 2017, Plaintiff filed its opposition to Defendant's motion to set aside default. That same day, Plaintiff filed evidentiary objections to Defendant's declaration.

At a hearing on June 7, 2017, the Court indicated that it was inclined to grant Defendant's motion, conditioned on the payment, by Defendant, of Plaintiff's reasonable attorney fees incurred as a result of Defendant's delay. On June 28, 2017, Plaintiff filed a declaration regarding attorney's fees. On July 7, 2017, Defendant filed an objection to the fees requested. At a hearing on July 12, 2017, the Court continued the matter for each party to supplement their responses with further briefing regarding the reasonableness of the fees requested.

# II.    SETTING ASIDE DEFAULT

## A.  *Evidentiary Objections*

Plaintiff submitted thirteen evidentiary objections to Defendant's declaration. The only part of Defendant's declaration that is relied upon by the Court in relation to this matter is where Defendant states he did not receive a copy of the complaint and the request to enter default, implicated by evidentiary objections two through four, and, less directly, objections five and six.

Plaintiff objects on the ground that Defendant's declaration lacks foundation and is vague and ambiguous.

The Court is inclined to overrule Plaintiff's evidentiary objections. The Court does not find that Defendant has failed to establish foundation for his awareness of the content of the mail that was being sent to his own office. Defendant is responsible for his staff, and attorneys are frequently held responsible for the actions of their staff. Furthermore, Plaintiff has cited an incorrect evidentiary rule.

Additionally, it is not clear why this portion of Defendant's declaration is vague or ambiguous. To the extent Defendant's declaration states that he did not receive service of the complaint or request to enter default, the declaration is not ambiguous or vague. To the extent that other portions of the declaration may be vague or ambiguous, as outlined below, those portions do not influence the Court's reasoning. Furthermore, Plaintiff has again cited an inapplicable evidentiary rule.

## B.  *Merits of Motion to Vacate Default*

Defendant states that he did not receive the complaint or the request to enter default. Defendant states that after receiving the motion for default judgment on April 26, 2017, he promptly took efforts to attempt to set aside the default. Alternatively, Plaintiff states that Defendant was served with information revealing the existence of the adversary proceeding at least seven separate times, and that the service address used was the address used by Defendant in all of his professional work.

FED. R. CIV. P. Rule 55(c), made applicable to bankruptcy proceedings by FED. R. BANKR. P. Rule 7055, states: "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Different courts have presented different interpretations of the "good cause" standard in FED. R. CIV. P. Rule 55(c), but are, for the most part, reflected in the following:

Although the First Circuit has announced that there is no "precise formula," and that "each case must necessarily turn on its own unique circumstances," it has set forth a variety of factors that a trial court should consider in determining whether good cause has been shown:

> (1)  whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; (7) the timing of the motion.

*Edes v. Fredson*, 344 F. Supp.2d 209, 212 (D. Maine 2004) (*quoting KRP & Assocs. V. Designs by FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003).

Regarding the first factor, there is no evidence that Defendant willfully defaulted. Therefore, this factor weighs in Defendant's favor.

Regarding the second factor, Plaintiff has not provided any evidence that it would be prejudiced by the granting of the default. Therefore, this factor weighs in Defendant's favor.

Regarding the third factor, Defendant did file an answer the same day he filed his motion to set aside default. Given the complexity of the adversary and the absence of detailed discovery at this point, the Court declines to determine whether Defendant's defense is meritorious. Therefore, this factor does not weight in either party's favor.

Regarding the fourth factor, Defendant's explanation that he failed to see at least seven documents that were served to the address on record with the state bar, listed on his website, and used on his pleadings, is an unreasonable explanation. As noted in Plaintiff's opposition, California attorneys have a duty to keep updated addresses on file with the California State Bar. Plaintiff has repeatedly signed, under penalty of perjury, a proof of service that indicates service

was made on Defendant's registered address. Defendant's assertion that none of these documents were received is of questionable credibility. Therefore, this factor weighs in favor of Plaintiff.

Regarding the fifth factor, the Court repeats its comments made regarding the fourth factor. This factor weighs in favor of Plaintiff.

Regarding the sixth factor, the complaint indicates that there is a substantial amount of money involved in this adversary proceeding. Therefore, this factor weighs in favor of litigation on the merits and, therefore, in favor of Defendant.

Regarding the seventh factor, approximately five and one-half months passed between the entering of default and the motion to set aside default. Default was entered approximately four and one-half months after the filing of the complaint. Nevertheless, Defendant states that he filed a motion to set aside default immediately after learning that default had been entered.

The factor test outlined above does not conclusively weigh in favor of one party. Ultimately, the amount of money at stake, the filing of a detailed answer by Defendant, and the absence of any indication that Plaintiff would be legally prejudiced by setting aside default, all weigh in favor of granting the motion. Nevertheless, a level of unreasonableness in Defendant's proffered explanation warrants a conditional granting of the motion. Therefore, the Court will adopt the alternative suggestion of Plaintiff and condition the setting aside of default on payment of a portion of the fees and costs of Plaintiff that were incurred in connection with the entering of default, the filing of a motion for default judgment, and the defense to this motion.

# III.    REASONABLE ATTORNEY'S FEES

## A. *Fees Requested*

The Court has reviewed Plaintiff's declaration regarding reasonable attorney's fees, the objection filed by Defendant, and the supplemental briefing of both parties. As set forth below, the Court finds that Plaintiff has failed to demonstrate that certain time entries are reasonable:

1.  The duplicative and excessive entries for research regarding elements, etc. of default judgments constitute two separate entries of approximately 7 hours each. The total for these two entries is thus approximately 14 hours regarding research for a default judgment motion on April 13 and April 14. The Court finds these research amounts unreasonably high. ($1,762.50 + $1,675=$3,437.50)

2.  A related conference between the associate preparing the motion and the partner on the case, Mr. Franklin Fraley, for a total of nearly 5 hours on April 19 appears excessive. ($1,237.50)

3.  The April 21 revisions and conference with Mr. Fraley for a total of 5.2 hours inappropriately lumps amounts for distinct tasks together and warrants striking as well. ($1,300)

4.  The May 9 and 10 entries to review/analyze for preparation of the opposition to the Defendant's Motion are duplicative and should be stricken. ($1,250 + $1,125=$2,375)

5.  The May 24 entries that total 7.75 hours improperly lump tasks making it difficult to gauge the reasonableness of the fees. Overall the Court finds that the amount billed for the tasks set forth appear unreasonably high. This entry shall be stricken. ($1,937.50)

6.  The entry of October 20, 2016, that totals .8 hours including lumping of multiple tasks and appears excessive. Given that the other entry that date implies that the conference was for .05 hours, the Court interprets the other task, researching the procedure for entering a default, to be for the remaining 0.75 hours. Given that the procedure is relatively straightforward, and there are multiple other entries for the same task, the entry appears unreasonable and will be stricken. ($180).

7.  The entry of November 3, 2016, for 2 hours improperly lumps several tasks making it difficult to gauge the reasonableness of the fees. Furthermore, the entry appears vague and duplicative of other entries. This entry shall be stricken ($450)

8.  The entry of May 11, 2017, for 2.5 hours improperly lumps several tasks making it difficult to gauge the reasonableness of the fees. This entry shall be stricken ($625)

9.  The entry of May 12, 2017, for 4.25 hours appears unreasonable excessive. Plaintiff's opposition memorandum [Dkt No. 26] was relatively straightforward, and, therefore, this entry will be stricken. ($1,062.50).

10. The entry of May 23, 2017, for 2.45 hours contains impermissible lumping of several tasks, is duplicative of the previous entries, and appears excessive. This entry shall be stricken ($612.50)

11. The entry of June 2, 2017, for 1.1 hours appears unreasonable excessive. Specifically, the reply of Defendant [Dkt. 30] was less than four pages long and contained no legal argument or legal citations. This entry shall be stricken ($275)

12. The entry of June 28, 2017, for 1.75 hours was outside the scope of the Court's order allowing reasonable costs for bringing the motion for default judgment and opposing the motion to set aside default. This entry shall be stricken ($875)

Striking the above amounts, the Court finds that a reduction of $14,367.50 is appropriate.

Based on the foregoing, the Court is inclined to find the remaining figure of $4,593.75 to be a reasonable amount of fees for the actions taken by Plaintiff in opposing the Motion and in drafting the Motion for Default Judgment.

## B. *Plaintiff's Supplemental Briefing*

Plaintiff's supplemental declaration argues, in part, that the Court: (1) lacks the authority to review Plaintiff's fee award altogether; and (2) improperly reduced Plaintiff's fee award. The Court will briefly address Plaintiff's arguments.

In support of its argument that the Court lacks the authority to reduce attorney fees *sua sponte*, Plaintiff cites *U.S. v. Eleven Vehicles*, 200 F.3d 203, 211 (3rd Cir. 2000), and two non-bankruptcy cases in this district. This situation is wholly distinguishable from the *Eleven Vehicles* case. First, in the *Eleven Vehicles* case, the party requesting fees made the request on the basis of a fee-shifting statute that stated, in part, that "a court shall award." *See id.*; 28 U.S.C. § 2412(d)(1)(A). In contrast, there is no statute in the present case directing the Court to award Plaintiff fees, rather the Court has found it equitable to provide Plaintiff some reimbursement for the costs incurred.

Additionally, the bankruptcy statute dealing with compensation, 11 U.S.C. § 330, clearly instructs the Court to consider "all relevant factors" when determining "reasonable compensation" and prohibits the Court from awarding compensation in certain circumstances. 11 U.S.C. § 330 (3)-(4). Plaintiff's argument that the Court cannot award fees conflicts with the

statutory directive that the Court is to consider the reasonableness of fees. And the Court is to undertake this review even when no party has objected, because it is well established that it is the applicant's burden to demonstrate the reasonableness of the fees. *See, e.g.*, *In re Fibermark, Inc.*, 349 B.R. 385, 395 (Bankr. D. Vt. 2006); *see also* 3 COLLIER ON BANKRUPTCY ¶ 330.03[2] (16th ed. 2015) ("Once services are determined to be compensable, the applicant must demonstrate that his work was necessary and reasonable.").

Furthermore, Plaintiff is requesting fees not according to a statutory fee shifting provision or 11 U.S.C. § 330, but only upon the tentative conditions imposed by the Court. Plaintiff's argument that the Court cannot review the fees amounts to an argument that the Court lacks the authority to interpret its own instructions, and such an argument lacks merit.

Plaintiff also offers a variety of arguments as to why each of the reductions noted in the Court's previous tentative ruling was mistaken. Plaintiff offers three arguments as to why the various reductions were inappropriate: (1) that the Court misunderstood the entries; (2) that block-billing is not a reason to reduce or strike a fee entry; and (3) that excessive or duplicative fees should not be stricken in their entirety. The Court will briefly address Plaintiff's arguments.

The Court will address the first two arguments in conjunction. Regarding (1), the Court did not misunderstand Plaintiff's billing entries, but, rather, because of the extent of lumping in Plaintiff's time entries, the Court chose to identify the entries in its tentative ruling by reference to the first task listed in the entry. Regarding (2), Plaintiff argues that block-billing refers to entries that document the total daily time working on a case and (a) that Plaintiff did not block bill; but (b) that block billing is not a reason to strike fees nevertheless. While the Court agrees that block billing, or lumping, should not invariably result in a fee reduction or elimination, the Court notes that, in bankruptcy, a fee applicant has the burden of demonstrating that its requested fees are reasonable. Given that lumping may prevent a Court from being able to ascertain the reasonableness of the fees requested, lumping may be cause for reduction or elimination of fees in bankruptcy. *See, e.g.*, *In re Thomas*, 2009 WL 7751299 at *5 (B.A.P. 9th Cir. 2009)

("Lumping services in a single billing entry in a fee application is universally disapproved by bankruptcy courts.") (quotation omitted); *In re Baker*, 374 B.R. 489, 494 (Bankr. E.D.N.Y. 2007) ("Also the billing of practice of aggregating multiple tasks into one billing entry, typically referred to as 'block billing,' is routinely disallowed. This is because the practice of block billing makes it exceedingly difficult for a Court to determine the reasonableness of the time spent on each of the individual services or tasks provided. Consequently, courts will summarily disallow time for discrete legal services merged together in a fee application.").

Plaintiff also argues that the elimination of fee entries that the Court concluded were duplicative or excessive was incorrect. Once again, Plaintiff cites a non-bankruptcy case that dealt with a mandatory fee-shifting statute. In bankruptcy, the Court is clearly directed by statute to disallow duplicative time entries under 11 U.S.C. § 330(a)(4)(a)(i) and to review the reasonableness of the requested fees under 11 U.S.C. § 330(a)(3). Therefore, this argument lacks merit.

Ultimately, Plaintiff's rigorous defense of its requested fees fails as a matter of law because of the following: (1) there is no mandatory fee-shifting statute; (2) the Bankruptcy Code directs the Court to review the reasonableness of fees; and (3) Plaintiff is requesting fees pursuant to the discretionary condition of the Court. This final point merits brief elaboration. In reviewing the Motion, the Court finds it equitable to condition the setting aside of default on the reimbursement by Defendant of certain reasonable fees and costs incurred as a result of Defendant's delay. Instead of simply selecting a figure that the Court thought was fair, the Court made the decision to allow the parties to submit evidence and brief the issue of the appropriate payment. The Court could have decided to simply grant the motion or choose a figure itself. There is no mandatory fee-shifting statute and the Plaintiff has no entitlement to any fees.

## IV.    CONCLUSION

In accordance with the foregoing, the Court GRANTS Defendant's motion, VACATING entry of default on the condition that Defendant reimburse Plaintiff in the amount of $4,593.75.

Defendant to file declaration within thirty (30) days of the entry of this order establishing that the ordered fees have been paid.

IT IS SO ORDERED.

###

Date: September 13, 2017

Mark Houle
United States Bankruptcy Judge